IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN VICTOR CARDENAS, | No. CIV S-07-2404-LKK-CMK-P |
|     Petitioner, | |
|   vs. | <u>ORDER</u> |
| D.K. SISTO, | |
|     Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for leave to conduct discovery (Doc. 15) and motion for evidentiary hearing (Doc. 16). Respondent filed an opposition to each motion (Doc. 18, 22). A hearing on both motions was held on July 16, 2008, before the undersigned.

**Background**:

      Petitioner's petition states he was convicted of attempted murder for which he received a life term. He received an additional year for use of a deadly weapon, four years for a bodily injury finding, and four years for infliction of corporal injury upon a former spouse. His total sentence was life plus nine years.

1

Petitioner's conviction was affirmed on appeal. His state habeas petition was denied without an evidentiary hearing at the trial court level. The state appellate court and supreme court also denied his petitions summarily without an evidentiary hearing.

His petition sets forth five claims:

1. Due process violation/ineffective assistance of counsel (counsel failed to relay petitioner's acceptance of a settlement offer of 15 years to prosecution and/or court);

2. Due process violation/ineffective assistance of counsel (counsel's failure to request appropriate jury instructions and failure to object to improper ones [reasonable doubt, burden of proof, court's comments that jurors not to consider lesser offenses before returning a verdict on greater offenses]);

3. Ineffective assistance of counsel (failure to introduce evidence at trial);

4. Due process violation/ineffective assistance of counsel (failure to object to sentencing of upper term based on Blakely[1]); and

5. Due process violation/unfair trial (cumulative effect of the other claims).

**Motion for Discovery:**

Petitioner requests the court to issue a subpoena duces tecum to the Sacramento District Attorney's office to produce and permit inspection and copying of its files concerning any plea offers made to petitioner before his trial. One of petitioner's claims is that he received ineffective assistance of counsel because counsel unreasonably and improperly told petitioner not to plead guilty, and did not accept the plea on his behalf. Petitioner's counsel claims he has tried to examine the District Attorney's file and obtain a copy of it, but the prosecutor has denied the request without an order from the court.

Respondent argues that petitioner has failed to establish that a plea offer had been made. Respondent claims petitioner is on a fishing expedition. He claims that this would be "new evidence" not presented to the state court, and petitioner has provided no explanation as to what efforts were made in state court to obtain this evidence. He also argues petitioner has not

---

[1] Referring to Blakely v. Washington, 542 U.S. 296 (2004).

shown he was not at fault in failing to develop the evidence in state court.

Rule 6 of the Rules Governing § 2254 cases deal with discovery in habeas cases. Rule 6(a) provides that the court may, for good cause, allow discovery and may limit the extent of discovery. Rule 6(b) requires a party requesting discovery to provide reasons for the request, and to specify any requested documents. Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, but able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

"[D]iscovery is available to habeas petitioners at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing." Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997) (citing Rule 6(a); Calderon v. U.S.D.C., 89 F.3d 1102, 1104 (9th Cir. 1996)).

Unlike respondent's argument, petitioner's request does not appear to be a fishing expedition. His request is a narrowly tailored attempt to obtain proof of a plea offer he argues was offered to him prior to his trial. He has specifically asked for a subpoena duces tecum for the District Attorney's office to produce any plea offers made to petitioner. Petitioner claims the state court did not allow development of the record. Respondent claims that this information

1  would be "newly discovered evidence" which was not before the state court, and petitioner does
2  not explain how he was not at fault in failing to develop the evidence in state court.  Respondent
3  cites <u>Holland v. Jackson</u>, 542 U.S. 649, 652-53 (2004), for the proposition that any newly
4  discovered evidence can be the subject of an evidentiary hearing only if petitioner was not at
5  fault in failing to develop the evidence in state court.  He therefore argues that because the
6  information petitioner seeks would be newly discovered, he must show that he is not at fault in
7  failing to develop in state court, which he has not done.

8        Whether this evidence, if it exits, will be considered "newly discovered evidence"
9  is not a bar to obtaining discovery.  Whether to grant discovery is in the sound discretion of the
10 district court.  Accordingly, the court will allow very limited discovery in this matter.  The
11 Attorney General's office is to review the District Attorney's file.  If the Attorney General's
12 office discovers anything related to a plea offer, that information must be disclosed to petitioner.
13 **Motion for Evidentiary Hearing:**
14       Petitioner is also requesting an evidentiary hearing on all four of his claims of
15 ineffective assistance of counsel.

16       The petition states the trial court "denied the claim without an evidentiary hearing
17 on the basis that there was an insufficient showing that a 15-year offer was made."  In addition,
18 petitioner's motion states that he "attached his declaration and attorney notes in requesting an
19 evidentiary hearing to further establish the factual basis for his claim."  Petitioner also argues he
20 was denied a full and fair hearing to establish the facts supporting his other ineffective assistance
21 of counsel claims.  He claims there is no record of why counsel failed to make the objections and
22 arguments set forth in his petition and no evidence to suggest trial counsel's shortcomings were
23 the result of strategic decisions rather than incompetence.

24       Respondent objects to the holding of an evidentiary hearing stating that petitioner
25 has failed to meet the requirements.  Respondent argues that petitioner's claims are unsupported
26 by anything other than his own self-serving allegations that a plea offer was made.  He contends

the record shows that petitioner was made an offer of an indeterminate sentence of 15 to life, not a determinate sentence, that he failed to object to going forward with trial, and that the state supreme court concluded there was no record of such an offer being made in the court's file.  As to petitioner's other ineffective assistance of counsel claims, respondent argues petitioner has failed to identify any factual dispute.

An evidentiary hearing is required if:  (1) the petitioner's allegations would, if true, entitle the petitioner to relief; and (2) the state court has not, after a full and fair hearing, reliably found the facts.  See Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997).  Otherwise, whether to hold an evidentiary hearing is within the discretion of the court.  See Townsend v. Smith, 372 U.S. 293, 313, 318 (1963).  An evidentiary hearing is not appropriate where there are no disputed material facts or where the claims present purely legal questions.  See Harris v. Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).

A petitioner is not entitled to an evidentiary hearing where he was at fault for failing to develop the record in state court, unless one of the exceptions outlined in 28 U.S.C. § 2254(e)(2) is met.  Thus, a petitioner must demonstrate due diligence with respect to developing the factual record in state court.  "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."  See Williams v. Taylor, 529 U.S. 420, 435, 437 (2000).  To demonstrate diligence a petitioner must, at a minimum, seek an evidentiary hearing in state court.  See id. Whether the petitioner has been diligent is a question of fact for the district court that cannot be disturbed unless clearly erroneous.  See Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002).

Petitioner supports his request by stating that before the state court was his declaration as well as a note he had written to his trial attorney stating he wanted to take the plea offer.  He claims this was sufficient to warrant an evidentiary hearing to resolve this claim.  However, he offers no other argument as to why an evidentiary hearing is warranted on his other

claims, but states he did request an evidentiary hearing on claims one through four in his petition.

Petitioner's request for an evidentiary hearing will be denied. Petitioner has not made the required showing for an evidentiary hearing on his second, third and fourth ineffective assistance of counsel claims. His request for an evidentiary hearing on those claims will be denied. However, petitioner's request for an evidentiary hearing on his first claim (regarding the plea agreement) is partially dependent on the outcome of his discovery requests. Therefore, his request for an evidentiary hearing on this claim will be denied without prejudice to renewal, if appropriate, once the discovery has been concluded.

**Conclusion:**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's request for discovery is granted in part;

2. Respondent's counsel shall review the District Attorney's file relating to the underlying state court trial in this matter and any documents pertaining to or referencing a plea offer shall be provided to petitioner's counsel within 30 days of the date of this order;

3. Petitioner's request for an evidentiary hearing on claim one is denied without prejudice to renewal, if appropriate, once discovery has been concluded; and

4. Petitioner's request for an evidentiary hearing on all other claims is denied.

DATED: July 23, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE