# United States District Court
# Eastern District of California

| | |
|---|---|
| ERWIN CARDENAS,<br><br>          Petitioner,<br><br>     v.<br><br>D.K. SISTO, WARDEN,<br><br>          Respondent. | 07-CV-02404 TJH<br><br><br>Order<br>JS-6 |

    In 2003, the wife of Erwin Cardenas ("Petitioner") obtained a restraining order against him and divorced him. Petitioner responded by assaulting his ex-wife as she was leaving her house one morning. During the assault – which two neighbors witnessed – Petitioner repeatedly stabbed the victim with a knife he had bought days earlier.

    Within hours, police arrested Petitioner. At the time, Petitioner's hands were shaking, and he claimed to be going through alcoholic withdrawal. However, Petitioner also claimed that he had been drinking that morning and was shaking due to nervousness. Petitioner's questioning was postponed because he claimed not to understand his Miranda rights. When questioning resumed the next day, Petitioner acknowledged that he had attacked the victim with a knife. Petitioner said, after drinking ten beers, he went to the victim's house to talk to her. Then, Petitioner said, he started jabbing his knife at the victim in order to scare her.

At trial, Petitioner testified that he had taken the knife to the victim's home only to slash her car tires. According to Petitioner's testimony, the victim began running and screaming when she saw the knife in Petitioner's hand – at which point, Petitioner forgot that he was holding the knife, and accidentally stabbed the victim repeatedly while trying only to restrain her.

The jury found Petitioner guilty of attempted premeditated murder, stalking in violation of a restraining order, willfully inflicting corporal injury on a spouse, assault with a deadly weapon, and violating a restraining order. Petitioner was sentenced to prison for an indeterminate life term with a consecutive nine-year term.

Petitioner now seeks a writ of *habeas corpus* from this Court.

*Habeas corpus* is a guard against extreme breakdowns in state criminal justice systems – not a substitute for ordinary appellate error correction. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624, 640 (2011). Thus, to obtain relief, Petitioner must show that prior state court adjudication of his claims resulted in a decision which was (1) incorrect in light of federal law clearly established by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d).

Petitioner argues that he is entitled to relief given certain aspects of his pre-trial, trial, and sentencing proceedings. For the most part, Petitioner asserts that these proceedings were tainted by the combined errors of his attorney and the judge who presided over Petitioner's trial and sentencing. With respect to Petitioner's ineffective assistance of counsel claims, *Strickland v. Washington*, 466 U.S. 668, 689-92, 104 S. Ct. 2052, 2065-67, 80 L. Ed. 2d 674, 694-96 (1984), requires that Petitioner (1) overcome the strong presumption that his counsel rendered adequate assistance, and (2) demonstrate, with reasonable probability, that he was prejudiced by his counsel's deficient performance. Therefore, on *habeas* review, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 131 S. Ct. at 788.

Petitioner's first claim involves only the alleged errors of his attorney. Petitioner claims that his attorney rendered ineffective assistance of counsel by advising Petitioner not to accept a fifteen-year plea bargain, and by not telling the prosecution of Petitioner's acceptance of the offered plea bargain. However, the evidence suggests that no such plea bargain existed. The prosecution, which had been ordered to produce all documents relating to plea bargains offered to Petitioner, found only two documents, both of which indicate that a plea bargain of fifteen years *to life* was offered to Petitioner. Moreover, in a note Petitioner wrote to his attorney – a note which Petitioner claims demonstrates his supposed acceptance of a fifteen-year offer – Petitioner indicated his willingness to accept a fifteen-year offer, but wrote and underlined "No Life." Thus, Petitioner's purported acceptance is more like a counter-offer; which may explain why one of the prosecution's documents states that its fifteen-year to life offer was rejected.

Because Petitioner has not established that a fifteen-year offer existed, Petitioner's claim that his attorney erroneously refused to deliver Petitioner's acceptance of this offer, and unreasonably counseled against such acceptance, must fail. Furthermore, if a fifteen-year offer did exist, the best Petitioner can show is that he accepted this offer too late, as a letter from Petitioner's trial attorney states "[t]he … DA took back the … offer so there was not much we could do." Petitioner provides no details – such as offer and acceptance dates – which might demonstrate that his attorney contributed to the prosecution's withdrawal of any offer.

Petitioner's second set of claims relates to allegedly erroneous jury instructions. Petitioner believes that the jury should have been instructed that (1) the defense of accident, to be successful, only had to raise a reasonable doubt about the intentionality of Petitioner's assault; (2) the jury should find Petitioner guilty of attempted voluntary manslaughter if it had a reasonable doubt as to whether Petitioner acted with malice; (3) the defense's argument that Petitioner was motivated by heat of passion, to be successful, only had to raise a reasonable doubt about Petitioner's malice. Also, Petitioner believes that the jury should not have been instructed to reach a verdict on greater offenses before

considering lesser offenses.

Petitioner's ineffective assistance of counsel claims relating to jury instructions must fail because Petitioner cannot show that he was prejudiced by his attorney's allegedly deficient performance.  The jury found Petitioner guilty of attempted premeditated murder beyond a reasonable doubt.  This verdict expressed the jury's lack of doubt about the Petitioner's intentionality and malice – and the consideration of lesser charges would not have created additional doubt about either of these factual findings.  Thus, Petitioner was not harmed by any alleged deficiencies in the jury instructions.

Petitioner, also, claims that the jury instructions given violated his right to due process.  To obtain relief, Petitioner must show a "reasonable likelihood that the jury applied [the] instruction[s] in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91, 129 S. Ct. 823, 831, 172 L. Ed. 2d 532, 542 (2009).  Moreover, Petitioner must show that no reasonable court could have determined otherwise. *Waddington,* 555 U.S. at 196, n. 7.  Petitioner cannot make such a showing because the jury was properly instructed regarding the overall burden of proof, there is no evidence to suggest that the jury had difficulty understanding this instruction, and the jury would not have found Petitioner guilty of attempted premeditated murder had they doubted Petitioner's intentionality or malice.

Petitioner's third set of claims relate to the non-admission of apology letters Petitioner wrote to his family and Petitioner's post-arrest medical records.  Petitioner claims that the letters of apology would have demonstrated that Petitioner did not intend to hurt his ex-wife, and that the medical records would have demonstrated that he was drunk when he assaulted the victim, and that his responses to post-arrest questioning were affected by medication he was given.

Petitioner's ineffective assistance of counsel claim relating to his apology letters must fail for lack of prejudice.  If Petitioner's testimony that he accidently stabbed his wife did not sway the jury, it is unreasonable to believe that his apology letters – which

Petitioner has never produced and which Petitioner fails to describe in any detail – would have swayed the jury. Petitioner's ineffective assistance of counsel claim relating to his post-arrest medical records must, also, fail, as Petitioner cannot show that his attorney performed deficiently. Petitioner's attorney may have determined that attempting to admit these medical records would have caused the prosecution to focus more attention on disproving Petitioner's claim that the medication he was given altered his responses to questioning. Thus, because Petitioner's attorney may have strategically opted not to move to admit these medical records, Petitioner cannot conclusively demonstrate that his attorney performed ineffectively. *See Harrington*, 131 S. Ct. at 788-89.

Petitioner, also, claims that the non-admission of these documents deprived him of his constitutional rights to due process and a fair trial. However, according to Petitioner, the request to admit the apology letters was withdrawn, and Petitioner never moved to admit the medical records. Thus, Petitioner was given ample opportunity, with aid of counsel, to meet the case of the prosecution – as required for Petitioner to have a fair trial. *See Strickland*, 466 U.S. at 685. Petitioner simply chose not to pursue the admission of these documents.

Finally, Petitioner claims that the sentencing judge should not have imposed a four-year upper term sentence on Petitioner for his stalking conviction. This imposition, Petitioner claims, violated his constitutional right to a jury trial, because it was based on a fact not found by the jury – that the assault was particularly cruel, vicious, or callous. However, Petitioner waived his claim by not objecting to the imposition of the upper term sentence during his sentencing hearing. The Court cannot revisit this procedurally barred claim. *See Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 1849, 158 L. Ed. 2d 659, 666 (2004).

Because none of Petitioner's claims establishes error of the magnitude which would entitle Petitioner to relief, the errors Petitioner allege, taken together, do not entitle Petitioner to relief.

Also, Petitioner's requests for an evidentiary hearing is denied, because Petitioner

1 | fails to satisfy the requirements of 28 U.S.C. § 2254(e)(2).

3 | It is Ordered that the petition be, and hereby is, Denied.

5 | Date:   September 4, 2012

*[signature: Terry J. Hatter, Jr.]*

Terry J. Hatter, Jr.
Senior United States District Judge